Steven L. Stern, .CSB No. 43729
LAW OFFICES OF STEVEN L. STERN
19900 MacArthur Boulevard, Suite 950
Irvine, CA 92612
Tel.: (949) 553-7730
Fax: (949) 553-7732
Email: sls@sternlaw.net

Attorneys for Defendant LEE STERN

FILED
DEC 10 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: LEE STERN AND JACQUELINE STERN,<br><br>Debtors.<br>_____<br><br>NATIONAL GOLD EXCHANGE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>LEE STERN,<br><br>Defendant. | BK CASE NO.: 8:07-bk-12462-TA<br>(Ch. 7)<br><br>Adversary Proceeding No.: SA-07-01386TA<br><br>ANSWER BY DEFENDANT LEE STERN TO COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT [11 U.S.C. Sec. 523(a)(4),(6)]<br><br>1-31-08<br>10:00 AM |

Debtor and Defendant LEE STERN ("Defendant"), appearing for himself alone and not for or on behalf of any other person, and in response to the Complaint herein, hereby answers as follows:

1. Defendant admits the allegations contained in paragraphs 1 through 3, inclusive.

2. Defendant admits the allegations contained in the first sentence of paragraph 4. Defendant denies the allegations contained in the second sentence thereof, and alleges that the transactions in question are governed by California rather than Florida law.



1  3. Responding to paragraph 5, Defendant denies each and every allegation contained therein.

2  4. Responding to paragraph 6, Defendant denies each and every allegation contained therein.

3  5. Responding to paragraph 7, Defendant denies each and every allegation contained therein

4  Answering further, and by way of affirmative defenses, Defendant alleges as follows:

## AFFIRMATIVE DEFENSES

6  1. There is no written contract between the parties providing for payment of attorneys' fees to the prevailing party in the event of a litigated dispute. By reason thereof, Plaintiff's entitlement to attorneys' fees is limited to that allowed by Cal. Civ. Code Sec. 1717.5, which is a maximum of $1000. Furthermore, to the extent that attorneys' fees are allowable herein, Defendant is entitled to recover his reasonable attorneys' fees herein if he is the prevailing party.

2. Plaintiff's loss resulted from an independent theft of the coins by a third party, Bruce Fox ("Fox"), under false pretenses, which was part of an ongoing pattern of fraud and deception by Fox, of which Defendant himself was a victim. At the time possession of Plaintiff's coins was taken by Fox, Defendant was not yet aware of the pattern of fraud and false pretenses perpetrated by Fox.

3. Defendant did not obtain any funds from Fox or any other source attributable to the coins in question.

4. Plaintiff, a rare coin dealer, transferred possession of the numismatic coins in question to Defendant, himself a rare coin dealer, under an arrangement known in the rare coin industry as "on memo", and pursuant to a custom and practice of said industry under which Defendant would either remit payment to Plaintiff after Defendant had sold them or return them to Plaintiff if he could not sell them. Under the customs and practices of the trade, it is also a common occurrence for the further transfer "on memo" of possession of coins to take place to a third party coin dealer in order to facilitate the sale of such coins. Defendant transferred the coins to Fox pursuant to such customs and practices of the trade, and with the expectation that Fox would either sell the coins within a reasonable time period (generally not less than 2-3 weeks for a coin priced in excess of $5000) and remit the funds to Defendant or, if Fox were unable to sell the coins, would return the coins to

1  Defendant. It was at all times the intention of Defendant to then remit to Plaintiff the funds payable to

2  Plaintiff for such coins or to return the coins to Plaintiff.

3      5. Defendant is informed and believes and thereon alleges, that Plaintiff has instituted

4  litigation in the State of Mississippi, seeking to recover the coins in question from one Jack Lee, a

5  coin dealer in Mississippi, who came into possession of the coins by reason of a purported loan

6  transaction under which the subject coins were pledged to him by Fox as security for such loan. To

7  the extent that Defendant recovers the coins, or moneys in lieu of such coins, from Jack Lee,

8  Defendant is entitled to credit for such recovery against the amount, if any, for which he is liable to

9  Plaintiff.

10      6. Plaintiff has failed to adequately mitigate its damages.

11      WHEREFORE, Defendant prays for entry of judgment as follows:

12      1. That Plaintiff recover nothing by its complaint herein, and that the same be dismissed;

13      2. That the Court declare that Defendant's purported indebtedness to Plaintiff is a

14  dischargeable debt, and is discharged in the within bankruptcy proceedings;

15      3. That Defendant recover his reasonable attorneys' fees and costs of suit incurred herein;

16  and,

17      4. That Defendant obtain all other relief that this Court deems just and proper.

18

19  DATED: December 7, 2007    LAW OFFICES OF STEVEN L. STERN

20

21

22                                By: _____
                              Steven L. Stern,
23                                Attorneys for Defendant, Lee Stern

24

25

26

27

28  _____

## PROOF OF SERVICE

STATE OF CALIFORNIA   )
                     ) ss
COUNTY OF ORANGE     )

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is: 19900 MacArthur Blvd. Suite 950, Irvine, CA 92612.

    On December 8, 2007, I served the foregoing document(s) described as ANSWER TO COMPLAINT on the interested parties in this action.

[ ]    By placing a true copy(ies) thereof enclosed in a sealed envelope(s) on the attached mailing list.

[X]    By placing [ ] the original [X] a true copy thereof enclosed in a sealed envelope(s) addressed as follows:

**Michael P. Ring , Esq.**
**Law Office of Michael P. Ring & Associates**
**1234 Santa Barbara St.**
**Santa Barbara CA  93101**

[X]    By United States Mail, except as to part(ies) shown as personally served
[ ]    BY FAX to such parties shown as having been sent a fax copy.
[ ]    By Personal delivery to such parties shown as personally served.
[X]    I deposited such envelope in the mail at Irvine, California, which was mailed with postage thereon fully prepaid, except as to part(ies) shown as personally served.

    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing under which it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

    FEDERAL: I am [X] a member of [ ] employed in the office of a member of the Bar of the Court in which the foregoing document is to be filed.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed on December 8, 2007, at Irvine, California.

                                              Steven L. Stern